UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EAST COAST TRANSPORT, LLC | : | |
| PO Box 168 | : | |
| Paulsboro, NJ  08066 | : | |
| | : | |
| -V- | : | DOCKET NO. |
| | : | |
| JJS TRANSPORTATION & DIST. CO. | : | |
| 24 Locust Street | : | |
| Manhasset, NY 11030 | : | |
| | : | CIVIL ACTION |
| -AND- | : | |
| | : | |
| EAST PENN MANUFACTURING CO. | : | |
| 102 Deka Rd. | : | |
| Lyons, PA 19536 | : | |

## **COMPLAINT**

Plaintiff East Coast Transport, LLC ("East Coast"), by and through its attorneys, Reeves McEwing LLP, brings the following Complaint against Defendants JJS Transportation & Distribution Co. ("JJS"), and East Penn Manufacturing Co. ("East Penn"), and in support thereof avers as follows:

## **PARTIES**

1. Plaintiff East Coast is a New Jersey limited liability company with an office and principal place of business in Paulsboro, NJ.

2. Defendant JJS is a duly authorized corporation with an office and principal place of business in Manhasset, NY 11030.

3. Defendant East Penn is a duly authorized corporation with an office and principal place of business in Lyons, PA 19536.

## JURISDICTION AND VENUE

4. This Honorable Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the parties are diverse and the amount in controversy exceeds the jurisdicitonal limit of $75,000.

5. Venue is proper in this Court as all or a substantial part of the transportation services which form the basis of this action originated in New Jersey.

## FACTUAL ALLEGATIONS

6. East Coast is a third party logistics provider.

7. At various times in 2021 and 2022, JJS contracted with East Coast to arrange for the transportation of certain cargo ("the Cargo") from marine terminals or other locations in New Jersey to East Penn or other consignees.

8. East Coast performed its obligations under the contract by arranging for the delivery of the Cargo to East Penn or other designated consignees.

9. East Coast paid the independent motor carriers for these deliveries, and issued invoices to JJS for payment for East Coast's services.

10. JJS has failed to pay East Coast's invoices for approximately 180 deliveries of Cargo. (See Aged Accounts Receivable Report, attached as Exhibit A.)

11. In January 2022, JSS entered into a payment arrangement with East Coast, however JJS has failed to make a single payment on the outstanding invoices.

12. Despite repeated demand, JJS has failed to pay East Coast's invoices totaling $159,780.00, which invoices are due and owing for delivery services rendered.

## COUNT I  - BREACH OF CONTRACT AGAINST DEFENDANT JJS

13. Plaintiff East Coast hereby incorporates by reference the allegations contained in Paragraphs 1-10 as if set forth fully herein.

14. East Coast entered into a contract with JJS to provide the services as set forth above.

15. East Coast provided the contracted services, and presented JJS with invoices for such services.

16. Despite repeated demand, JJS has failed to pay said invoices, and is therefore liable to East Coast for breach of contract.

17. As a result of JJS's breach of contract, East Coast has suffered damages in the amount of $159,780.00, together with interest, costs and attorney's fees.

## COUNT II – ALTERNATE COUNT FOR QUANTUM MERUIT AGAINST JJS

18. Plaintiff East Coast hereby incorporates by reference the allegations contained in Paragraphs 1-15 as if set forth fully herein.

19. In the alternative, JJS entered into an implied contract, whereby JJS agreed to pay East Coast for the Deliveries, and assented to payment to East Coast for services rendered.

20. If, and to the extent that, the contract is not enforceable, East Coast is entitled to the reasonable value of its services provided to JJS.

21. East Coast has suffered damages as a result of the failure of JJS to pay for services rendered.

## COUNT III – UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

22. Plaintiff East Coast hereby incorporates by reference the allegations contained in Paragraphs 1-19 as if set forth fully herein.

23. East Coast conferred a benefit upon East Penn and JJS, by arranging for the delivery of Cargo to or on behalf of East Penn.

24. East Coast conferred a benefit upon East Penn, by arranging for the delivery of East Penn's Cargo.

25. Both Defendants were unjustly enriched by the delivery of the Cargo without payment therefore.

26. As a matter of equity, Defendants are jointly and severally liable for payment to East Coast for the value of the services rendered, as both Defendants were the beneficiaries of the Deliveries.

WHEREFORE, Plaintiff East Coast Transport, LLC requests that judgment against Defendants JJS Transportation & Distribution Co., Inc. and East Penn Manufacturing Co. in the amount of $159,780.00, plus interest, attorneys' fees/costs, and such other remedies this Court deems fit and proper under the circumstances.

## **CERTIFICATION – NO OTHER ACTION TAKEN (R. 4:5-1)**

The Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that it has no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action. The Plaintiff further certified that it is not aware of any other parties who should be joined in this action.

## **CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(C)**

I certify that the confidential personal identifies have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## DESIGNATION OF TRIAL ATTORNEY

In accordance with Rule 4:25-4, Mary E. Reeves, Esquire, is hereby designated as trial counsel for the Plaintiff East Coast Transport, LLC in the above matter.

REEVES McEWING, LLP

BY:/s/*Mary E. Reeves*
MARY E. REEVES, ESQ. #MR9805-1985
1004 S. Front Street
Philadelphia, PA  19147
Tele: #267-324-3773
Attorney for Plaintiff
reeves@lawofsea.com

DATE:  3/2/2022